JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF RAYMOND STANLEY MOORE, SR., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FH & HF-TORRANCE I, LLC, et al.,<br><br>Defendants. | Case No. 2:21-cv-08548-MCS-RAO<br><br>**ORDER GRANTING MOTION TO REMAND (ECF NO. 13) AND DENYING MOTION AND STIPULATION AS MOOT (ECF NOS. 10, 19)** |

Plaintiffs Estate of Raymond Stanley Moore, Sr., by and through Alma Moore; Alma Moore; Lola Moore; Mona Moore-Sullivan; and Raymond Stanley Moore, Jr., move to remand this action to the Los Angeles County Superior Court, No. 21STCV28234. (Mot., ECF No. 13.) Defendants FH & HF-Torrance I, LLC; Family Health and Housing Foundation; and Family Health & Housing Foundation-Torrance I, LLC oppose the motion, and Plaintiffs filed a reply. (Opp'n, ECF No. 14; Reply, ECF No. 16.) In the interest of judicial economy, the Court has considered Defendants' opposition brief even though it is too long. C.D. Cal. R. 11-6. The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

1

## I. BACKGROUND

This is a wrongful death case. Plaintiffs allege Defendants operate a skilled nursing facility and failed to respond appropriately to the COVID-19 pandemic, resulting in the death of Raymond Stanley Moore, Sr. Plaintiffs assert six claims: (1) breach of the implied warranty of habitability; (2) elder abuse and neglect, Cal. Welf. & Inst. Code § 15600 *et seq.*; (3) negligence and negligence per se; (4) violation of patient rights, Cal. Health & Safety Code § 1430(b); (5) wrongful death; and (6) concealment. (*See generally* Compl., ECF No. 1-1.) Defendants removed the case to this Court on the basis of federal-question jurisdiction. (Notice of Removal, ECF No. 1.)

## II. LEGAL STANDARD

A defendant can remove a case from a state court to a federal court if the case could have originally been brought in federal court. 28 U.S.C § 1441(a). "Upon removal, the district court must determine whether it has subject matter jurisdiction and, if not, it must remand." *Dahl v. Rosenfeld*, 316 F.3d 1074, 1076 (9th Cir. 2003). The Court "strictly construe[s] the removal statute against removal jurisdiction" and will reject finding jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A party may move to remand a case based on lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c).

## III. DISCUSSION

Defendants present three theories of federal-question jurisdiction: (1) the case arises under the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d to -6e; (2) the case presents a substantial, embedded question of federal law; and (3) the federal officer removal statute, 28 U.S.C. § 1442(a)(1), confers jurisdiction. (*See generally* Opp'n; Notice of Removal.) As this Court and dozens of others have concluded in similar wrongful death cases, these jurisdictional theories lack merit. *Thomas v. Century Villa Inc.*, No. 2:21-cv-03013-MCS-KS, 2021 U.S. Dist. LEXIS 110094, at *4–17 (C.D. Cal. June 10, 2021); *Olaso v. Alexandria Care Ctrs.,*

*LLC*, No. 2:21-cv-06589-MCS-PLA, 2021 U.S. Dist. LEXIS 194463, at *3–4 (C.D. Cal. Sept. 10, 2021); *accord Estate of Serrano v. San Antonio Acute LLC*, No. EDCV 21-1169 JGB (SHKx), 2021 U.S. Dist. LEXIS 136964, at *4 (C.D. Cal. July 21, 2021) ("Every case in the Central District, save one, to have considered the question has determined that the federal courts lack jurisdiction under either of the theories presented . . . , and therefore that removal is improper and remand is required."); *see Estate of Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 402 n.2, 413 (3d Cir. 2021) (collecting cases rejecting similar theories and affirming order of remand). Nothing in Defendants' brief persuades the Court to reject the overwhelming weight of authorities concluding that federal courts lack subject-matter jurisdiction over cases like this one. *See Estate of Serrano*, 2021 U.S. Dist. LEXIS 136964, at *4 ("Broad consensus of this nature in the Central District is compelling.").

First, the PREP Act does not completely preempt the state law claims presented here. *See Maglioli*, 16 F.4th at 407–08 ("Here, the PREP Act creates an exclusive cause of action for willful misconduct. But the estates allege only negligence, not willful misconduct. The estates' negligence claims thus do not fall within scope of the exclusive federal cause of action. They are not completely preempted, so they belong in state court."); *Thomas*, 2021 U.S. Dist. LEXIS 110094, at *10–11 (collecting authorities for the proposition that "the PREP Act does not completely preempt state law claims based on non-willful conduct because it does not provide for an exclusive federal cause of action for such claims" (internal quotation marks omitted)); *id.* at *8–14 (rejecting related preemption arguments); *Martinez v. Spruce Holdings, LLC*, No. 1:21-CV-0739 AWI SAB, 2021 U.S. Dist. LEXIS 165231, at *8–9 (E.D. Cal. Aug. 31, 2021) (collecting cases).

Second, the Complaint does not raise a substantial, embedded question of federal law. *See Maglioli*, 16 F.4th at 413 (rejecting application of *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005)); *Thomas*, 2021 U.S. Dist. LEXIS 110094, at *14–16 (same); *Martinez*, 2021 U.S. Dist. LEXIS 165231, at *9–10 (collecting cases

3

for the proposition that "when a plaintiff brings claims such as . . . wrongful death, elder abuse, and willful misconduct based on a total failure to adequately manage dangers from Covid 19[], no substantial question of federal law is presented").

Third, federal officer jurisdiction is lacking. *Maglioli*, 16 F.4th at 406 (rejecting federal officer theory as applied to private-sector workers at nursing homes); *Thomas*, 2021 U.S. Dist. LEXIS 110094, at *16–17 ("Century Villa cannot establish that federal officer jurisdiction should apply just because it complied with various government regulations, directives, and guidance."); *Martinez*, 2021 U.S. Dist. LEXIS 165231, at *8 (collecting cases for the proposition that "nursing homes implementing CDC regulations relating to Covid 19 are merely complying with regulations or following the law, [and] they are not acting pursuant to a federal officer's direction for purposes of [28 U.S.C. § 1442]").

The Court lacks subject-matter jurisdiction over this matter. Remand is appropriate. 28 U.S.C. § 1447(c).

The Court denies Defendants' request for oral argument, a stay of remand, and jurisdictional discovery. (Opp'n 1–2.) *See* C.D. Cal. R. 6-1 ("[E]very motion shall be presented by written notice of motion."); *Smith v. Premiere Valet Sers.*, No. 2:19-cv-09888-CJC-MAA, 2020 U.S. Dist. LEXIS 228465, at *42 (C.D. Cal. Aug. 4, 2020) (collecting cases for the proposition that "a request for affirmative relief is not proper when raised for the first time in an opposition"); C.D. Cal. R. 7-15 ("The Court may dispense with oral argument on any motion . . . ."); *Olaso*, 2021 U.S. Dist. LEXIS 194463, at *4 (denying request for jurisdictional discovery where the record was "sufficient for the Court to determine that federal jurisdiction is lacking"); *Lawler v. Cedar Ops., LLC*, No. EDCV 21-01017-CJC (SHKx), 2021 U.S. Dist. LEXIS 194306, at *4 n.3 (C.D. Cal. Oct. 7, 2021) (rejecting request to stay remand for failure to address the factors articulated in *Nken v. Holder*, 556 U.S. 418 (2009), concerning stays pending appeal).

///

## IV. CONCLUSION

The motion is granted. The Court remands the case to the Los Angeles County Superior Court, No. 21STCV28234. The pending motion to dismiss (ECF No. 10) and stipulation to continue the hearing on the motion to dismiss (ECF No. 19) are denied as moot. The Court directs the Clerk to effect the remand and close the case.

**IT IS SO ORDERED.**

Dated: January 4, 2022

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE